UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRED ROGERS a/k/a FRED ROGERS, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN E. POTTER, Postmaster General of the United States, <br><br> Defendant. | Case No:  C 08-2897 SBA <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Fred Rogers brings the instant employment discrimination action against his employer, the United States Postal Service (USPS).  The parties are presently before the Court on Defendant's motion for summary judgment.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I.   BACKGROUND

### A.   FACTUAL SUMMARY

The parties are familiar with the facts of this case, which only will be briefly summarized herein.  Plaintiff, a 55 year-old African-American male, is currently employed as a Maintenance Operations Support (MOS) Clerk with the USPS at its Oakland Processing and Distribution Center.  Plaintiff suffers from as plantar fasciatus and Achilles tendonitis in his left foot and ankle, which limits his mobility and ability to stand.  He also suffers from depression.  One of Plaintiff's job duties included that of "locker custodian," which entails responsibility for distributing and maintaining locks used for employee lockers.

On or about June 26, 2006, Cinda La (La) and Alice Poon (Poon), both mail-room clerks at the Oakland facility, complained that Plaintiff was sexually harassing them. La claimed that Plaintiff would "stare" at her and that she was "frightened" by him. As for Poon, she alleged that Plaintiff had grabbed her arm and he was "watching" her. After being notified of the complaints, Plaintiff was instructed not to issue any further locks, since that would require him to leave his work area and result in possible contact with the complainants. The restriction also was imposed to prevent unexpected appearances by Plaintiff in the woman's locker room. Similarly, Plaintiff was instructed to avoid contact with other employees pending an internal investigation. According to Plaintiff's supervisor, Cornelia Walker, Plaintiff disobeyed these restrictions and was temporarily placed on leave. Walker Decl. ¶ 5.

During the course of the investigation, Poon withdrew her complaint, claiming that she did not "want any trouble" and that she did not "want any of this." Poon Depo. at 36. As a result, Walker and Royce Harris, another supervisor, concluded that the complaints were "inconclusive" and therefore decided not to take any disciplinary action against Plaintiff. Harris Decl. ¶ 3.[1] Walker did not restore Plaintiff's locker custodian responsibilities, as she decided that "it was the best policy" to continue to separate Plaintiff from La and Poon. Id. ¶ 5. However, the locker custodian duties were not a significant aspect of Plaintiff's position, and there is no indication in the record that he suffered any loss of pay resulting from the elimination of such duties.

On September 13, 2006, Plaintiff filed an EEO complaint against Defendant claiming that he was being harassed and being subjected to a hostile work environment on account of his race, sex, age and disability and in retaliation for prior EEO activity. On March 11, 2008, Defendant issued a final decision on that complaint. Plaintiff filed a second complaint on February 5, 2007, which Defendant resolved against him on April 23, 2008. Neither complaint presented any claim based on a failure to promote.

---

[1] Plaintiff claims that in April or May 2006, he complained to Walker that Poon had sexually harassed him. Rogers Decl. at 4. Plaintiff complains that Defendant investigated her complaint, but not his. Id. Neither party, however, provides any details or documentation regarding this alleged complaint.

**B.     PROCEDURAL SUMMARY**

On June 10, 2008, Plaintiff filed the instant action against Defendant.  In his first claim, Plaintiff alleges that Defendant discriminated against and harassed him on account of his race, age, gender and disability and retaliated against him for his complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII).  Plaintiff's second and third claims allege that Defendant's conduct violates section 501 of the Rehabilitation Act of 1973, 20 U.S.C. § 701, *et seq.* (Rehabilitation Act), and the Age Discrimination in Employment Act, 29 U.S.C. § 633a (ADEA), respectively.  The gravamen of these claims is that Plaintiff allegedly was treated differently from others on account of his sex, race, age, disability and previous EEO activity when: (1) he was passed over for a job as a supervisor; (2) he was accused of sexually harassing two postal employees; (3) the USPS failed to conduct a reasonable investigation into the allegations against him that he sexually harassed the two employees; (4) he was required to work at his desk with little contact from others in the office; and (5) his job assignment as locker custodian was taken away.

Defendant now moves for summary judgment on all claims.  Plaintiff has filed and opposition and Defendant has filed a reply thereto.  The matter is fully briefed and ripe for adjudication.

**II.     LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

An issue of fact is "material" if, under the substantive law of the case, resolution of the factual dispute might affect the outcome of the claim. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." Id. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted). Only admissible evidence may be considered in ruling on a motion for motion for summary judgment. Fed.R.Civ.P. 56(e); Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002).

### III.   DISCUSSION

#### A.   EXHAUSTION

Defendant contends that he is entitled to summary judgment as to Plaintiff's unexhausted claim that he was passed over for a promotion to a supervisory position.[2] Title VII provides the exclusive remedy for claims alleging discriminatory practices in federal employment based upon race, color, religion, sex, or national original. See Brown v. General Servs. Admin., 425 U.S. 820, 829-35 (1976); Boyd v. United States Postal Serv., 752 F.2d 410 (9th Cir. 1985). The right to bring a federal action is predicated upon the timely exhaustion of administrative remedies, as established by Equal Employment Opportunity Commission (EEOC) regulations. See Brown, 425 U.S. 820, 835 (1976); Butts v. New York Dep't of Housing, Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993). The exhaustion requirement as established under Brown has been extended to apply to cases in which litigants claim to have suffered from disability discrimination. Vinieratos v. United States, 939 F.2d 762, 773 (9th Cir. 1991) ("a federal employee who alleges employment discrimination on the basis of a handicap must exhaust the administrative remedies available under Title VII."). The exhaustion requirement is jurisdictional. Lyons v. England, 307 F.3d 1092, 1103 (9th Cir.

---

[2] Defendant also suggests that Plaintiff has not exhausted his claim for failure to exhaust. However, no such claim is alleged in the Complaint.

2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.").

Here, Plaintiff claims, among other things, that he was repeatedly passed over for supervisor positions. See Simmons Decl. Ex. 2 at 2 (responses to interrogatories summarizing claims at issue). As Defendant correctly points out, Plaintiff failed to present this specific claim in either his 2006 or 2007 EEOC complaints. Tellingly, Plaintiff neglects to respond to this issue directly; instead, he generally alleges that he exhausted all of his claims. See Pl.'s Opp'n at 6; Rogers Decl. at 14, Exs. 1-2. However, the documentary evidence proffered by Plaintiff, in fact, confirms that he has not exhausted his claim based on failure to promote. Accordingly, Defendant is entitled to summary judgment with respect to this claim.

**B.   DISCRIMINATION**

**1.   Analytical Framework Applicable to Disparate Treatment Claims**

Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex* or national origin." 42 U.S.C.2000e-2(a)(1) (emphasis added). Similarly, the ADEA provides that as to persons age 40 and over, "[i]t shall be unlawful for an employer … to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(2).

A plaintiff may prove unlawful discrimination by producing "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." Metoyer v. Chassman, 504 F.3d 919, 930 (9th Cir. 2007). Alternatively, a plaintiff may rely on the familiar McDonnell Douglas burden shifting framework to prove discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Surrell v. California Water Service Co., 518 F.3d 1097, 1105 (9th Cir. 2008). Though the McDonnell Douglas approach was developed in the context of a race discrimination claim, it also applies to sex (gender), age and disability discrimination cases. See Diaz v. Eagle Produce Ltd. Partnership, 521 F.3d 1201, 1207 (9th Cir. 2008); Com'ty House, Inc. v. City of Boise, 490

1  F.3d 1041, 1053 (9th Cir. 2007); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1005 (9th Cir.
2  1986).

3       The <u>McDonnell Douglas</u> steps are as follows.  *First*, Plaintiff must establish a prima
4  facie case of discrimination by showing that:  (1) he belongs to a protected class; (2) he was
5  qualified for the position; (3) he was subject to an adverse employment action; and
6  (4) similarly-situated individuals outside the protected class were treated more favorably.  <u>See,</u>
7  <u>e.g.</u>, <u>Surrell</u>, 518 F.3d at 1105-1106.  *Second*, if a plaintiff establishes the prima facie case of
8  discrimination, the burden then "shifts to the defendant to articulate a legitimate,
9  nondiscriminatory reason for its allegedly discriminatory conduct."  <u>Vasquez v. County of Los</u>
10 <u>Angeles</u>, 349 F.3d 634, 640 (9th Cir. 2003).  *Finally*, if the employer articulates a legitimate
11 reason for its action, "the employee must then prove that the reason advanced by the employer
12 constitutes a pretext for unlawful discrimination."  <u>Diaz</u>, 521 F.3d at 1207.  Regardless of who
13 bears the burden of production, the employee always retains the ultimate burden of persuading
14 the trier of fact that the employer intentionally discriminated against the employee.  <u>Texas</u>
15 <u>Dep't of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1982).

16        **2.**     **Application**

17      An essential element of any prima facie case of employment discrimination is that
18 similarly-situated employees outside the protected class were treated more favorably.  <u>See</u>
19 <u>Kang v. U. Lim Am., Inc.</u>, 296 F.3d 810, 818 (9th Cir. 2002).  To meet this requirement, the
20 plaintiff must show that the persons whom he claims were treated more favorably were
21 "similarly situated in all material respects."  <u>Moran v. Selig</u>, 447 F.3d 748, 755 (9th Cir. 2006);
22 <u>accord</u> <u>Vasquez</u>, 349 F.3d at 641 (holding "individuals are similarly situated when they have
23 similar jobs and display similar conduct"); <u>Leong v. Potter</u>, 347 F.3d 1117, 1124 (9th Cir.
24 2004) (upholding grant of summary judgment where employee failed to show that similarly-
25 situated employees were treated more favorably); <u>Hollins v. Atlantic Co., Inc.</u>, 188 F.3d 652,
26 659 (6th Cir. 1999) (holding that, to be similarly situated, an employee must have the same
27 supervisor, be subject to the same standards, and have engaged in the same conduct).
28

1    Here, Plaintiff alleges that his supervisors unfairly required him to first obtain
2 permission from his supervisors before going to the restroom and vending machines, would not
3 allow him to speak with co-workers, refused to reinstate his "locker custodian" duties even
4 after he allegedly was cleared of sexual harassment allegations, prevented him from taking
5 periodic walks around the building, and failed to investigate his complaint of sexual
6 harassment against a female clerk.  Opp'n at 9; Rogers Decl. at 2-3.[3]  Nor has he demonstrated
7 that any similarly situated employees were not subject to these requirements.  Plaintiff's
8 reference to other female MOS clerks is too vague and non-specific to create a genuine issue of
9 material fact.  Pl.'s Opp'n at 9.
10    Even if Plaintiff had established a prima facie case of discrimination, which he has not,
11 Defendant has articulated a legitimate, non-discriminatory reason for its actions.  See Chuang
12 v. Univ. of Cal. Davis, 225 F.3d 1115, 1123-24 (9th Cir. 2000) (once a prima facie case has
13 been shown, "[t]he burden of production, but not persuasion, then shifts to the employer to
14 articulate some legitimate, nondiscriminatory reason for the challenged action.").  The
15 restrictions imposed on Plaintiff were in response to claims by female co-workers that Plaintiff
16 had conducted himself inappropriately.  See Harris Decl. Ex. 1 at 24, 59-60; Ex. 2 at 5.
17 Plaintiff ignored instructions by his supervisors to avoid contact with the complainants and was
18 observed being near them.  Id. Ex. 3 at 13.  Plaintiff's supervisors imposed these conditions as
19 a prophylactic measure to decrease the possibility of future problems involving Plaintiff.
20 While Plaintiff may subjectively believe that such restrictions are unfair, he has failed to
21 present evidence to establish that such restrictions were on account of his age, race or
22 disability.
23    Finally, Plaintiff has failed to raise a genuine issue of fact as to pretext.  Where the
24 employer presents legitimate reasons for the challenged action, "the burden shifts back to the
25 employee to demonstrate a triable issue of fact as to whether such reasons are pretextual."

---

[3] Plaintiff claims he was exonerated by the investigation; however, the conclusion by interal investigators was there was insufficient evidence to support the claims of harassment made against him.

Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004).  Evidence to show pretext must be both specific and substantial in order to overcome the articulated legitimate reasons put forth by the employer.  See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 (9th Cir. 2006).  Here, Plaintiff has presented no such evidence.  Plaintiff merely claims that his supervisors' actions were pretextual ostensibly because he purportedly was cleared of the harassment claims made by female co-workers.  Pl.'s Opp'n at 9-10.  However, as noted, Plaintiff was not "cleared" per se; rather, his supervisor had concluded that the information from her investigation was too "inclusive" to justify disciplinary action against Plaintiff.  Walker Decl. ¶¶ 3, 5.  At bottom, Plaintiff's unsubstantiated and non-specific claims of pretext are insufficient as a matter of law.  See Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983) (affirming summary judgment for employer where the plaintiff "produced no facts which, if believed, would have shown pretext and thus tendered an issue for trial."); see also Surrell, 518 F.3d at 1103 ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment.").

### C.   DISABILITY DISCRIMINATION

Plaintiff's second cause of action alleges a violation of section 501 of the Rehabilitation Act.  Federal employees seeking redress for disability discrimination must rely on section 501 of the Rehabilitation Act, 29 U.S.C. § 791; Johnston v. Horne, 875 F.2d 1415, 1420-21 (9th Cir. 1989) (section 504 of the Rehabilitation Act inapplicable to federal employees); see also 42 U.S.C. § 12111(5)(B)(i) (exempting federal government from the Americans with Disabilities Act). To state a prima facie case under section 501, a plaintiff must "demonstrate that (1) [he] is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability."  Walton v. United States Marshals Serv., 492 F.3d 998, 1005 (9th Cir.2007).  A plaintiff must demonstrate that his disability was a

"motivating factor" behind the discrimination. See 29 U.S.C. § 591(g) (adopting standards for Americans with Disabilities Act for claims under § 501 of the Rehabilitation Act).[4]

Federal regulations define "disability" as follows: "(1) A physical or mental impairment that substantially limits one or more of the major life activities of such individual; [¶] (2) A record of such an impairment; or [¶] (3) being regarded as having such an impairment." 29 C.F.R. § 1630.2(g). Here, Plaintiff identifies his disability as an "injury to his ankle or foot that substantially impairs his ability to walk." Pl.'s Opp'n at 2; Rogers Decl. at 12 (identifying injury as plantar fasciatus and Achilles tendonitis). In addition, Plaintiff claims that he suffers from depression, which impairs his ability to concentrate. Rogers Decl. at 12.

With regard to his foot injury, Defendant asserts—without citation to any authority or presentation of any meaningful analysis—that such injury does not prevent him "from doing any major life activity." Def.'s Mot. at 17. Major life activities include walking, standing, working, lifting, and reaching. See 29 C.F.R. § 1630.2(h) (" Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, ... and working."); 29 C.F.R. § 1630.2(i) App. ("[O]ther major life activities include, but are not limited to, sitting, standing, lifting, reaching."). Plaintiff clearly is limited in that capacity. In addition, there is evidence that he is "substantially" limited with respect to certain life activities, given that Plaintiff's condition prevents him from standing for more than fifteen minutes at a time and walking for more than two hours per day. Simmons Decl. Ex. 3 at 29. With regard to Plaintiff's depression, Defendant's only contention is that Plaintiff is unaware whether "he currently has a diagnosis of depression." Def.'s Opp'n at 18. However, Defendant neglects to substantiate its contention with any citations to the record. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) (court need not consider arguments unsupported by citations to the record). Therefore, the Court finds that Plaintiff has presented sufficient

---

[4] Both disparate treatment of a disabled person and refusal to make a reasonable accommodation for a disabled person are actionable. See Vinson v. Thomas, 288 F.3d 1145, 1154 (9th Cir. 2002). Plaintiff's claim is based on discrimination on account of his disability only.

evidence that he is a "person with a disability" for purposes of section 501 of the Rehabilitation Act.

The above notwithstanding, Plaintiff's claim under the Rehabilitation Act fails as a matter of law because he has failed to establish that he "suffered discrimination *because of* [his] disability." Walton, 492 F.3d at 1005 (emphasis added). Plaintiff has failed to point to—nor has the Court been able to discern any—evidence in the record to support his claim that his disabilities were a motivating factor in any of the Defendant's actions. The paucity of evidence to establish the requisite nexus between Defendant's conduct and Plaintiff's disabilities, Defendant is entitled to summary judgment on Plaintiff's claim under the Rehabilitation Act.

### D.  HOSTILE WORK ENVIRONMENT

To prevail on a hostile workplace claim based on a protected status, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a discriminatory nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. See Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995). The work environment must be perceived as abusive both subjectively *and* objectively. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993); Vasquez, 349 F.3d at 642. In determining whether conduct was sufficiently severe or pervasive, the court examines "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (internal citations and quotations omitted).

Plaintiff claims that he was humiliated and felt harassed by the limitations imposed upon him by his supervisors. However, this claim fails on the ground that Plaintiff has failed to identify any discriminatory conduct of a verbal or physical nature. Assuming arguendo that work restrictions qualify as prohibited conduct, Plaintiff nonetheless fails to present any evidence that such restrictions were in any way based on any discriminatory animus based on his sex, age or disability. C.f., Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80

(1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion] because of sex.'").  But even if such a nexus were shown, Plaintiff has failed to demonstrate that such conduct was sufficiently pervasive and/or severe to sustain a claim for hostile work environment.  See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1031, 1037 (9th Cir. 1990) (affirming conclusion that plaintiffs failed to prove a hostile work environment even where the employer allegedly made racially offensive slurs, kept illegal personnel files on the plaintiffs because they were Latinos, provided unsafe vehicles to Latino police officers, posted a racially offensive cartoon, targeted Latinos when enforcing rules, and did not provide adequate back-up to Latino police officers); Vasquez, 349 F.3d at 643-44 (finding no hostile environment even where plaintiff was told that he should consider transferring to work in the field because "Hispanics do good in the field," was told that he had "a typical Hispanic macho attitude," a co-worker made continual, false complaints about the plaintiff to his supervisor, and plaintiff was yelled at in front of others); Manatt v. Bank of Am., 339 F.3d 792, 798 (9th Cir. 2003) (finding that jokes using the phrase "China man," ridiculing for mispronunciation of names, and employees pulling their eyes back with their fingers to mock the appearance of Asians did not constitute a hostile work environment for a Chinese woman).  The Court therefore grants summary judgment for Defendant on Plaintiff's hostile work environment claim.

### E.     RETALIATION

"The elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) . . . he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action."  Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).  If the plaintiff is able to present a prima facie case of retaliation, the burden then "shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision."  Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  If the defendant presents evidence of a non-discriminatory motive, the burden shifts back to the plaintiff to show that such explanation is a pretext for retaliation.  See Surrell, 518 F.3d at 1108.

      In the instant case, Plaintiff has failed to show any nexus between the alleged protected activity and the limitations imposed on Plaintiff's work environment.  Plaintiff's unsupported, vague and conclusory assertions that such limitations were retaliatory are insufficient to create a genuine issue of material fact.  See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir. 1988) ("conclusory allegations" of discriminatory motive, with "no concrete, relevant particulars," did not establish a genuine issue of material fact sufficient to defeat the defendants' motions for summary judgment).  In addition, as set forth above, Defendant demonstrated that he had legitimate, non-retaliatory reasons for monitoring and limiting Plaintiff's movements in light of prior complaints regarding Plaintiff's conduct, as well as his failure to comply with the instructions of his supervisors.  The Court grants summary judgment for Defendant on his claim for retaliation.

## IV.   CONCLUSION

      For the reasons stated above,

      IT IS HEREBY ORDERED THAT Defendant's motion for summary judgment is GRANTED.

      IT IS SO ORDERED.

Dated: April 20, 2010

                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge